[778 NYS2d 304]

In the Matter of JOHN L. MEUNKLE (Admitted as JOHN LAW-RENCE MEUNKLE), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 14, 2004

## APPEARANCES OF COUNSEL

*Robert P. Guido,* Syosset (*Michael J. Kearse* and *Stacey J. Sharpeletti* of counsel), for petitioner.

*Mischel, Neuman & Horn, P.C.,* New York City (*Richard E. Mischel* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In the course of his resignation, the respondent submits that he was served with a petition on or about April 2, 2003, charging him with professional misconduct based upon his conviction of criminal possession of a forged instrument in the third degree. In addition, the respondent brought to the petitioner's attention information pertaining to a complaint received from the law firm of Agovino and Asselta, LLP. The respondent informed the petitioner that while he was associated with that firm from April 2002 through March 2003 he withdrew funds from its escrow account. The respondent also submitted proof to the petitioner that the funds removed from the escrow account were replaced at his direction and on his behalf and that the firm was made whole, suffering no loss.

The respondent acknowledges his inability to successfully defend himself on the merits against the charges in the petition. He avers that his resignation is freely and voluntarily tendered and that he is not being subjected to coercion or duress by anyone. The respondent has discussed his decision to resign with his attorney, as well as with others whose advice and counsel he respects. He is fully aware of the implications of submitting his resignation, including being barred by Judiciary Law § 90 from seeking reinstatement for at least seven years.

The respondent submits his resignation subject to any application which might be made by the petitioner for an order directing that he make restitution and reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to

make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The petitioner urges acceptance of the proffered resignation.

Inasmuch as the respondent's resignation complies with all appropriate Court rules and regulations, it is accepted, and effective immediately, he is disbarred, and his name stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and TOWNES, JJ., concur.

Ordered that the resignation of John L. Meunkle, admitted as John Lawrence Meunkle, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, John L. Meunkle, admitted as John Lawrence Meunkle, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that John L. Meunkle, admitted as John Lawrence Meunkle, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, John L. Meunkle, admitted as John Lawrence Meunkle, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if John L. Meunkle, admitted as John Lawrence Meunkle, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).